IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Case No. 1:17-cr-14 |
| Plaintiff, | : |
| | : Judge Susan J. Dlott |
| v. | : |
| | : **ORDER DENYING DEFENDANT'S** |
| ERIC BROWN, | : **MOTION FOR COMPASSIONATE** |
| | : **RELEASE** |
| Defendant. | : |
| | : |

This matter is before the Court on Defendant's Supplemental Motion for Compassionate Release (Doc. 161). The United States opposes Defendant's Motion (Doc. 162). For the reasons set forth below, Defendant's Supplemental Motion for Compassionate Release will be **DENIED**.

### I. BACKGROUND

Defendant Eric Brown pled guilty to conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846. Brown admitted that, as part of a conspiracy, he obtained 8 kilograms of cocaine from a 17 kilogram shipment a co-defendant arranged to have delivered to the Southern District of Ohio for Brown and others to distribute. (Doc. 58 at PageID 154; Doc. 69 at PageID 182.) As part of his plea agreement, the parties agreed to a sentence of 120 months of imprisonment followed by at least five years of supervised release—the statutory minimum sentence—pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). (Doc. 58 at PageID 149, 151.) On November 8, 2017, the Court sentenced Brown to a 120-month period of incarceration followed by five years of supervised release. (Doc. 119.)

Approximately three years later, Brown requested appointment of counsel to assist him in moving for compassionate release. (Doc. 158.) The Court granted Brown's request. (Doc. 160.)

Brown requested compassionate release from the warden which was denied on October 22, 2020. (Doc. 161-1 at PageID 499.) His Court-appointed attorney filed the instant Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) on March 2, 2021. (Doc. 161.)

Although he is only 48 years old, Brown moves for compassionate release alleging that he suffers from health concerns that place him at high risk of serious illness or death if he were to contract COVID-19, thereby making him an appropriate candidate for compassionate release. (*Id.*) The medical records offered in support of Brown's motion–dated April 15, 2020—indicate that he suffers from mild kidney disease, prediabetes, and obesity. (Doc. 161-2 at PageID 500, 502.)

Brown is currently incarcerated at FCI-Allenwood Low, a low security federal correctional institution. His anticipated release date is August 31, 2024.

## II. LEGAL STANDARD

The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–49 (6th Cir. 2008). "The compassionate release provisions were first included in the Sentencing Reform Act of 1984 . . . to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (quoting S. Rep. 98-225, at 121 (1983)). The 1984 provisions empowered only the Bureau of Prisons ("BOP") Director to file a motion for compassionate release, "[y]et the Director seldom wielded this significant power." *United States v. Jones*, 980 F.3d 1098, 1104 (6th Cir. 2020). For instance, the BOP approved only 6% of 5,400 compassionate release applications received between 2013 and 2017. *Id.* (citing Christie Thompson, *Frail, Old and Dying, but Their Only Way Out of*

2

*Prison Is a Coffin*, N.Y. TIMES (Mar. 7, 2018), https://www.nytimes.com/2018/03/07/us/prisons-compassionate-release-.html (citing data provided by the BOP)).

Frustrated that the Director acted so infrequently, Congress passed the First Step Act of 2018. "Section 603(b) of the First Step Act—titled 'Increasing the Use and Transparency of Compassionate Release'—ousted the BOP from its preclusive gatekeeper position and amended 18 U.S.C. § 3582(c)(1)(A)." *Id.* at 1105; *See* First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239. Pursuant to § 3582(c)(1)(A)(i):

> The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Thus, under the current provisions, an incarcerated person can file for compassionate release after either exhausting the BOP's administrative process or thirty days after the warden received the compassionate release request, whichever is earlier. *Jones*, 980 F.3d at 1105. Once this administrative process has occurred, the Court employs a three step evaluation to determine: (1) whether "extraordinary and compelling reasons warrant" the requested sentence reduction; (2) whether the reduction is consistent with applicable Sentencing Commission policy

3

statements; and (3) whether, considering the applicable section 3553(a) factors,[1] the reduction is warranted under the particular circumstances of the case. *Id.* at 1108 (footnote added); 18 U.S.C. § 3582(c)(1)(A). "In cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement [USSG] § 1B1.13." *Jones*, 980 F.3d at 1111 (concluding that § 1B1.13 applies only where the BOP Director files the compassionate release motion). A court's decision to grant compassionate release is discretionary. *Id.* at 1106. A person seeking sentence reduction bears the burden of proving entitlement to compassionate release. *Ebbers*, 432 F. Supp. 3d. at 426; *United States v. Hill*, No. 5:14CR337, 2020 WL 5104477, at *1 (N.D. Ohio Aug. 31, 2020).

### III. ANALYSIS

In the case at bar, Brown exhausted the required administrative remedies by petitioning the warden for compassionate release at least thirty days prior to filing his motion. (Doc. 161-1 at PageID 499.) Therefore, his motion is ripe for consideration on the merits. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

#### A. Extraordinary and Compelling Reason

In this case, Brown—at least as of April 15, 2020, the date of the medical record submitted—suffers from obesity, prediabetes, and mild chronic kidney disease for which he takes no medications. (Doc. 161-2 at PageID 500.) The Center for Disease Control and Prevention ("CDC") lists obesity, chronic kidney disease, and diabetes among the conditions that

---

[1] Section 3553(a) factors include: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, and promote respect for the law; (3) the need to protect the public from further crimes of the defendant; (4) the need to provide the defendant with needed educational or vocational training, medical care or other treatment; (5) the kinds of sentences available; (6) the sentencing guideline range; (7) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct; and (8) the need to provide restitution to victims of the offense. 18 U.S.C. § 3553(a).

4

could increase an individual's risk of severe illness if he were to contract COVID-19. CENTERS FOR DISEASE CONTROL AND PREVENTION, CORONAVIRUS DISEASE 2019 (COVID-19), *People With Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 5, 2021). In addition, as of April 5, 2021, the Bureau of Prisons reported the following data from FCI-Allenwood Low: 1 inmate and 0 staff members with positive COVID-19 tests, 0 inmate or staff COVID-19 deaths, and 283 inmates and 19 staff members recovered from COVID-19. BUREAU OF PRISONS, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last accessed April 5, 2021). In addition, at the Allenwood Federal Correctional Complex,[2] 288 staff and 974 inmates have been fully vaccinated against COVID-19. *Id.* Brown offers no evidence regarding whether the COVID-19 vaccine has been made available to him or whether he has been fully vaccinated.

"During the COVID-19 pandemic, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Provost*, 474 F. Supp. 3d 819, 825 (E.D. Va. July 24, 2020) (internal quotation marks omitted) (granting motion for compassionate release). In this case, however, Brown's medical conditions appear to be relatively minor, and he requires no prescription medications or significant medical intervention. In addition, the BOP reports only one active COVID-19 infection at FCI-Allenwood Low and relatively high vaccination numbers at the Allenwood Federal Correctional Complex.[3] In addition, the Court has no information regarding whether Brown has been offered or has received a COVID-19 vaccination. Under these circumstances,

---

[2] Allenwood Federal Correctional Complex includes FCI-Allenwood Low, FCI-Allenwood Medium, and United States Penitentiary Allenwood.
[3] The BOP website does not report vaccination numbers for FCI-Allenwood Low, individually, and neither party has provided such information to the Court.

5

the Court cannot conclude that an extraordinary and compelling reason exists for Brown's compassionate release.

### B. 18 U.S.C. § 3553(a) Factors

Having concluded that no extraordinary and compelling reason supports Brown's compassionate release, the Court need not consider the section 3553(a) factors. *United States v. Jones*, 980 F.3d at 1108. However, the Court notes that Brown entered into a Rule 11(c)(1)(C) plea agreement for the statutory minimum sentence, and he has served just over half of that sentence to date.

### IV. CONCLUSION

After considering the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is not warranted in this case. Accordingly, Defendant's Motion for Compassionate Release (Doc. 161) is hereby **DENIED**.

**IT IS SO ORDERED.**

_____
Judge Susan J. Dlott
United States District Court